[Civil No. 2672.   Filed February 28, 1928.]

[264 Pac. 473.]

In the Matter of the Disbarment of C. V. MANATT, an Attorney of This Court.

Mr. John W. Murphy, Attorney General, and Mr. Earl Anderson and Mr. Frank J. Duffy, Assistant Attorneys General, for the State.

Mr. C. V. Manatt, *in pro. per.*

ROSS, C. J.—On April 11th, 1927, Maude C. Davies and John Grande, former clients of respondent C. V. Manatt, a duly licensed attorney of the Arizona bar, filed with the Arizona state bar association written accusations charging that the respondent had theretofore (1) embezzled fifteen dollars given to him by John Grande for the purpose of paying the appearance and filing fee required by law in the Supreme Court of the state in a case wherein said Grande was appellee, and in failing to prepare and file brief in such case, as he was employed to do; (2) had, as the attorney of one Mike Simon, of Douglas, Arizona, by suit and by garnishment proceedings, collected one hundred forty-five dollars moneys due said Simon, and thereafter appropriated it to his own use; and (3) had collected for one L. Hohstadt, or Halstead, the sum of four hundred dollars and had appropriated the same to his own use, falsely representing to said Hohstadt, or Halstead, that he had not collected the same.

These accusations were referred by the bar association to a grievance committee, composed of the following three members of the state bar, to wit: The Honorable Fred Sutter, Mr. John E. Sanders and Mr. John C. Gung'l. This committee met at Douglas, Arizona, on the twentieth day of July, 1927, the respondent being personally present, and, after hearing evidence upon the charges, recommended to the Attorney General that he institute proceedings to disbar respondent upon the three accusations above set forth.

On August 3d, 1927, the Attorney General, in accordance with such recommendation, brought this proceeding.

Upon the accusations being called to the attention of the Chief Justice, he, on August 2d, 1927, made an order requiring the respondent to appear and answer the charges on September 17th, 1927.

On September 14th, 1927, respondent filed his answer.

As to the Grande item: He admitted receiving from Grande fifteen dollars to pay filing fee and his failure to pay such fee to the clerk of the court. He excused his default on the ground that he was busily engaged in other work, and averred Grande owed him for professional services one hundred dollars.

As to the Simon item: He denied that he embezzled Simon's money, but claimed that there was a disputed account between him and Simon, and that, upon settlement, it had been arranged by him to care for any balance due Simon.

As to the Hohstadt, or Halstead, item, respondent says:

"This is also a matter unsettled between us and the sum so named is not the right or true amount due said Halstead, if anything."

Then follows the statement that Halstead had employed him to prosecute, before the special claims commission, a claim against the Republic of Mexico for twenty-four thousand dollars; that, when their accounts were adjusted, he would owe Hohstadt nothing. (The spelling of this name occurs both ways as above given.)

On October 6th, 1927, the court appointed Riney B. Salmon, a member of the bar of this state, as referee to take the testimony. We now have before us the report of the referee, from which it appears that he, having theretofore notified all parties, on November

17th, 1927, took the testimony bearing upon the charges against the respondent, at which hearing the prosecution was represented by the Attorney General, and the respondent appeared *in propria persona*. Before the beginning of the taking of the testimony, respondent asked that such proceeding be postponed to December 12th, 1927, and represented to the referee that he was not ready to proceed because his attorney could not be present. It appeared, however, that the attorney he claimed to have employed was in the building where the testimony was being taken just a few minutes before, and that he disappeared, and did not ask for time or show any interest whatever in the matter; whereupon the referee proceeded to the taking of the testimony. Respondent declined to take part in the proceedings, and withdrew therefrom.

On January 5th, 1928, the case was set down for hearing in this court, and on that date the clerk of the court, by registered letter addressed to respondent at Douglas, Arizona, where he maintained his office and had lived for some years, notified him that the case would be heard on Saturday, January 21st, 1928. The respondent failing to appear on that date, and not having made any appearance by brief or otherwise, the case was ordered submitted.

The steps taken in this proceeding are in accordance with chapter 32, Laws of 1925, concerning attorneys and their duties and obligations, and the procedure for their disbarment.

In view of the above facts, it is not necessary that we state the evidence. Suffice it to say that the accusations were fully established by relevant and competent evidence. It appears therefrom that respondent, without legal excuse or justification, appropriated his clients' funds, and failed and neglected after request to repay them. What is more, his inattention to the charges satisfies us he was unable to refute them.

We find respondent guilty of all the accusations laid against him. He is not morally fit to be a member of the bar.

It is therefore ordered that the name of C. V. Manatt be stricken from the roll of attorneys of this state, and that he be, and hereby is, permanently disbarred from practicing law in Arizona.

LOCKWOOD and McALISTER, JJ., concur.